IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB HERNDON (Dallas Cty. Jail Bookin No. 17050746), § § § Plaintiff, § § V. § AMBER GIVENS-DAVIS, ET AL., § § Defendants. § | § § § § § § § § § § § | No. 3:18-cv-189-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Jacob Herndon moves to reopen his *pro se* civil rights action – referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn – and stayed and administratively closed under *Younger v. Harris*, 401 U.S. 37 (1971), *see* Dkt. Nos. 7, 8, & 9. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to reopen [Dkt. No. 13] and then dismiss this action with prejudice to the claims raised in it being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

**Applicable Background**

In January of 2018, when Herndon filed this civil action – requesting injunctive relief and monetary damages based on claims related to a then-ongoing competency proceeding under Article 46B of the Texas Code of Criminal Procedure – he was detained pretrial at the Dallas County Jail, charged with possession of a controlled

substance. *See State v. Herndon*, No. F15-58377 (282d Jud. Dist. Ct., Dallas Cty., Tex.). The Court, finding that *Younger* applied, therefore stayed and administratively closed this action on February 23, 2018. *See* Dkt. Nos. 7, 8, & 9. On March 7, 2018, Herndon's criminal prosecution was dismissed due to his incompetency, and he was

> transferred to Probate Court No. 3 of Dallas County, Texas, pursuant to Article 46B.151 of the Texas Code of Criminal Procedure for the prompt initiation and prosecution by the attorney for the State of Texas ... [of] appropriate civil proceedings to determine whether [Herndon] should be committed to a mental health or residential care facility pursuant to the Health and Safety Code.

*Herndon*, No. F15-58377 (282d Jud. Dist. Ct., Dallas Cty., Tex. Mar. 7, 2018).

Herndon represents, in his motion to reopen, that he was committed to Terrell State Hospital on March 14, 2018 and that he was released and discharged on March 29, 2018. *See* Dkt. No. 13 at 3; *see also* Dkt. Nos. 11 & 12 (notices of change of address).

**Legal Standards and Analysis**

Claims based on "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed as frivolous. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *see Heck*, 512 U.S. at 486-87; *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)). "The *Heck* court held that a civil tort action, including an action under

section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

> The *Heck* bar further applies
>
> > to actions by federal prisoners that implicate the validity of civil commitment proceedings. *See Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (applying rule to actions brought by federal prisoners); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying rule to actions that implicate validity of civil commitment proceedings). "A court may not grant relief to a plaintiff ... when granting that relief would imply the plaintiff's civil commitment is invalid." Baptiste v. State of Montana, 2006 WL 2860590, at *3 (D. Mont. Oct.2, 2006) (adopting op. of magistrate judge).

*Ruston v. Dallas Cty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *4 (N.D. Tex. Apr. 9, 2008); *see also Allen v. Seiler*, No. 4:12-cv-414-Y, 2013 WL 357614, at *2-*3 (N.D. Tex. Jan. 30, 2013) (applying *Ruston* to state civil commitment proceedings).

Here, the factual allegations of the complaint directly attack the proceedings leading up to Herndon's civil commitment, and his motion to reopen "confirms that [Herndon] cannot demonstrate that his confinement has already been invalidated. Therefore, [Herndon] is precluded from now maintaining a claim that directly or indirectly challenges his civil commitment." *Ruston*, 2008 WL 958076, at *5; *cf. Whatley v. Coffin*, 496 F. App'x 414, 417 (5th Cir. 2012) (per curiam) ("[A]ccepting the version of events alleged by Whatley, his § 1983 claims were necessarily inconsistent with his assault of a public servant convictions and thus are barred by *Heck*." (citing

*DeLeon*, 488 F.3d at 656-57)).

## Recommendation

The Court should grant the motion to reopen [Dkt. No. 13] and then dismiss this action with prejudice to the claims raised in it being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1994) conditions are met.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 3, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE